35 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin ROMERO-CAMILO, Defendant-Appellant.
 No. 93-50249.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 30, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin Romero-Camilo appeals his conviction, following a jury trial, for assaulting a federal officer with a dangerous weapon in violation of 18 U.S.C. Sec. 222(a), (b), using a firearm during a crime of violence in violation of 18 U.S.C. Sec. 924(c), being an illegal alien in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(5), and possession of an unregistered firearm in violation of 26 U.S.C. Sec. 5861(d). Romero-Camilo contends the district court erred by denying his motion to suppress inculpatory statements made to Immigration and Naturalization Service (INS) agents. He argues that the statements were involuntary because: (1) he was under the influence of alcohol and allegedly beaten by the agents; and (2) they were tainted by pre-Miranda statements which were allegedly involuntary.[1] We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo both the district court's denial of a motion to suppress evidence, United States v. Gordon, 974 F.2d 1110, 1114 (9th Cir.1992), and the court's determination regarding the voluntariness of a defendant's statements to law-enforcement officers, United States v. Bautista-Avila, 6 F.3d 1360, 1364 (9th Cir.1993). We review for clear error both the district court's credibility determinations and factual findings. United States v. Oba, 978 F.2d 1123, 1125 (9th Cir.1992).
 
 
 4
 In reviewing the voluntariness of a defendant's inculpatory statements, we determine whether, under the totality of the circumstances, the challenged statements were obtained in a manner consistent with the requirements of the Constitution. Bautista-Avila, 6 F.3d at 1364. "[A] statement accompanied by physical violence is per se involuntary." United States v. Miller, 984 F.2d 1028, 1030 (9th Cir.), cert. denied, 114 S.Ct. 258 (1993). Despite a defendant's intoxication, however, a statement is voluntary if it is "the product of a rational intellect and free will." United States v. Kelley, 953 F.2d 562, 565 (9th Cir.1992); accord Medeiros v. Shimoda, 889 F.2d 819, 823 (9th Cir.1989), cert. denied, 496 U.S. 930 (1990).
 
 
 5
 A voluntary statement made before a Miranda warning, but not in violation of a defendant's Fifth Amendment right, does not taint a subsequent voluntary statement given after a Miranda warning. United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1048-49 (9th Cir.1990); United States v. Wauneka, 842 F.2d 1083, 1086-87 (9th Cir.1988).
 
 
 6
 On appeal, Romero-Camilo argues that he did not voluntarily waive his Miranda rights because: (1) agents threatened and beat him at the INS office; and (2) he had consumed four 32-ounce bottles of beer. Alternatively, he argues that his post-Miranda statements were tainted by his coerced, involuntary pre-Miranda statements. We disagree.
 
 
 7
 Respecting the role of the trier of fact, we cannot say the district court clearly erred by finding the agents more credible, accepting their testimony, and disbelieving the testimony of Romero-Camilo and his witnesses. See United States v. Soares, 998 F.2d 671, 674 (9th Cir.1993), cert. denied, 114 S.Ct. 927 (1994); see also United States v. Vasquez, 858 F.2d 1387, 1391 (9th Cir.1988) (district court in unique position to observe the demeanor of both the defendant and police officer), cert. denied 488 U.S. 1034 (1989), and cert. denied, 489 U.S. 1029 (1989). Consequently, because there is no evidence that either Romero-Camilo's pre- or post-Miranda statements were coerced, the court properly concluded that his post-Miranda statements were admissible. See Gonzalez-Sandoval, 894 F.2d at 1049; Wauneka, 842 F.2d at 1088. Finally, the record is devoid of any evidence that Romero-Camilo's intoxication overcame his ability to think rationally. See Kelly, 953 F.2d at 565; Medeiros, 889 F.2d at 823.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Miranda v. Arizona, 394 U.S. 436 (1966)